UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR 24-90   JMB/LIB

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INDICTMENT** |
| | ) | |
| Plaintiff, | ) | 18 U.S.C. § 498 |
| | ) | 18 U.S.C. § 641 |
| v. | ) | 18 U.S.C. § 704(b) |
| | ) | 18 U.S.C. § 704(d)(1) |
| MIKHAIL ROBIN WICKER, | ) | 18 U.S.C. § 1343 |
| a/k/a "Michael Robin Wicker," | ) | |
| | ) | |
| Defendant. | | |

THE UNITED STATES GRAND JURY CHARGES THAT:

## INTRODUCTION

1.    For more than a decade, defendant MIKHAIL ROBIN WICKER held himself out as a highly decorated veteran of the United States Marine Corps. He told people that he served in Iraq with Lima Company, 3rd Battalion, 25th Marine Regiment, 4th Marine Division, a unit that suffered some of the highest casualties of the Iraq war. He said he had been injured in an improvised explosive device attack and captured as a prisoner of war. He bragged that he had received numerous awards and decorations for his service, including the Purple Heart, the Prisoner of War Medal, and the National Defense Service Medal. None of this was true. In reality, WICKER never served in the United States Marine Corps or any other branch of the military. Nevertheless, he fraudulently applied for and received Department of Veteran Affairs health care, disability, and educational benefits based on his false claims of prior military service.

2.    At times relevant to the Indictment:



U.S. v. Mikhail Robin Wicker

      a.     The United States Marine Corps is a branch of the United States Armed Forces.

      b.     From 2003 and continuing until troop withdrawal in 2011, the United States deployed servicemembers from multiple branches of the Armed Forces, including the Marines, to Iraq as part of an ongoing military action commonly referred to as the "Iraq War." Some servicemembers deployed to Iraq were held captive during their military action. Many servicemembers deployed to Iraq were injured, and thousands of servicemembers were killed.

      c.     The United States has created a number of awards and decorations meant to honor and commemorate military servicemembers for their service and sacrifice, including:

      i.     The Purple Heart, which is given to servicemembers wounded or killed by enemy action.

      ii.     The Prisoner of War Medal, which is  given to servicemembers taken prisoner or captured while engaged in military action.

      iii.     The Marine Good Conduct medal, which is given to servicemembers who perform three consecutive years of honorable and faithful service.

      iv.     The National Defense Service Medal, which is given to servicemembers who served during periods of armed conflict or national emergency.

U.S. v. Mikhail Robin Wicker

        v.        The Navy and Marine Corps Overseas Service Ribbon, which is given to servicemembers who have performed military tours outside the borders of the United States.

        vi.        The Iraq Campaign Medal, which is given to servicemembers who served in Iraq.

        d.        All members of the military receive a Defense Department Form 214 Certificate of Release or Discharge from Active Duty ("DD214") upon leaving active duty.

        e.        The DD214 contains information about the departing servicemember's service, including their dates of service, rank, specialty, military education, and medals, decorations, and awards.

        f.        The United States Department of Veteran's Affairs ("VA") is a federal agency that administers programs for veterans and their families, including health care, educational benefits, rehabilitation services, and disability benefits.

        g.        The Veterans Health Administration ("VHA") is the component of the United States Department of Veterans Affairs that runs a healthcare program for veterans. Veterans that qualify for VHA healthcare do not pay premiums or deductibles for their healthcare.

        h.        The VA's Disability Compensation program acts as a form of income replacement or supplementation, offering a monthly tax-free payment to veterans who became sick or injured while serving in the military and whose ability to earn income is reduced as a result of that illness or injury.

U.S. v. Mikhail Robin Wicker

i.      The VA's Veteran Readiness and Employment Program offers education benefits in the form of direct cash payments towards college tuition and training programs.

j.      Each of the programs described above—healthcare, disability compensation, and education benefits—require that a veteran submit proof of their military service in the form of the DD214, along with other paperwork supporting their eligibility. In order to avoid undue delay of benefits to veterans and their families, the VA allows veterans to submit their own copies of discharge documents or other evidence of service when the standard means of verifying a veteran's service are unsuccessful. In other words: the programs rely heavily on the truthfulness of the applicant and the representations on their DD214.

k.      Defendant MIKHAIL ROBIN WICKER, also known as "Michael Robin Wicker," never served in the United States Marine Corps or any other branch of the military.

## Count 1
### (Wire Fraud)

3.      Paragraphs 1 through 2 are re-alleged and incorporated herein.

4.      From in and about 2015 and continuing through 2020, in the State and District of Minnesota, the defendant,

**MIKHAIL ROBIN WICKER,**
**a/k/a MICHAEL ROBIN WICKER,**

U.S. v. Mikhail Robin Wicker

knowingly devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by materially false and fraudulent pretenses, representations, and promises.

5.    WICKER carried out a scheme to obtain an array of VA benefits, including health care, disability compensation, and educational benefits, by fraudulently holding himself out as a decorated veteran of the United State Marine Corps,  and falsely claiming that he suffered from combat-related injuries that qualified him for disability and other financial benefits.

6.    It was part of the scheme that beginning in or about December 2015 and continuing through April 2020, WICKER fraudulently obtained health care benefits provided by the United States Department of Veterans Affairs Veteran's Health Administration for which only legitimate veterans are eligible by falsely claiming to be a veteran, including primary care, emergency care, psychiatric care, dental care, optometry, and other specialized treatment. Based on his fraudulent claim of prior military service, WICKER received this care either free of charge or for only a small co-pay.

7.    It was part of the scheme that in or about February 2016, WICKER fraudulently applied for disability benefits with the Department of Veteran Affairs. In his application, WICKER claimed—falsely—that he had served in the Marine Corps and that he had been a prisoner of war from February 25 to March 4, 2005. During a disability compensation and pension examination at the VA, WICKER further claimed, again falsely, that he had suffered from PTSD and injuries to his

shoulder, knee, and wrist injuries during an improvised explosive device attack while he served in Iraq. These claims were fraudulent. In reality, WICKER never served in the military.

8.      On or around May 29, 2016, WICKER submitted a forged and falsified DD214 in support of his application for disability benefits. The DD214 purported to show he had served with the Marines and had been deployed to Iraq between 2004 and 2005. The DD214 also purported to show he had received the Purple heart, Prisoner of War Medal, and a number of other military decorations.

9.      WICKER also submitted a number of forged and falsified documents in support of his application for disability benefits, including a fraudulent Iraq Campaign Medal certificate, a fraudulent certificate of honorable discharge, and a fraudulent document purporting to be a Purple Heart certificate.



10.      It was further part of the scheme that during an in-person examination on or about August 16, 2016, WICKER claimed to have been involved in an IED explosion while deployed to Iraq in 2005. WICKER told VA officials that he suffered

U.S. v. Mikhail Robin Wicker

injuries as a result of that incident. Based on his fraudulent application and claims, WICKER began receiving more than $1,000 a month in disability compensation benefits.

11.    It was further part of the scheme that on or about June 26, 2017, WICKER fraudulently applied for VA education benefits by claiming that he was a Marine Corps veteran. Based on his fraudulent representation that he was a veteran, WICKER was awarded VA education benefits, including monthly subsistence allowance payments and payments directly to North Dakota State University for tuition, fees, and supplies.

12.    It was further part of the scheme that on or about December 17, 2019, WICKER applied to the VA for an increase in his disability compensation. In support of that application, WICKER submitted a letter purporting to substantiate increased severity of symptoms related to his claimed combat-related injuries.

13.    Based on his fraudulent claims of military service, WICKER received more than $100,000 in health care, disability, educational veterans benefits to which he was not entitled because he had never served in the military.

14.    On or about December 17, 2019, in the State and District of Minnesota and elsewhere, for the purpose of executing the aforementioned scheme and artifice, and attempting to do so, the defendant,

**MIKHAIL ROBIN WICKER,**
**a/k/a MICHAEL ROBIN WICKER,**

did knowingly transmit and cause to be transmitted from Minnesota to North Dakota the following by means of wire communication, writings, signs, and signals, to wit:

U.S. v. Mikhail Robin Wicker

an electronic application for an increase in disability compensation based on a false claim of military service, all in violation of Title 18, United States Code, Section 1343.

## COUNT 2
### (False Military Discharge Certificate)

15.    The allegations contained in Paragraphs 1 through 14 of this Indictment are re-alleged and incorporated herein.

16.    Between on or around February 10, 2016 to on or about February 26, 2020, in the State and District of Minnesota and elsewhere, the defendant,

**MIKHAIL ROBIN WICKER,
a/k/a MICHAEL ROBIN WICKER,**

did forge, counterfeit, and falsely alter a certificate of discharge from the United States Marine Corps, namely, a falsified DD214, and did use, unlawfully possess, and exhibit such certificate, knowing the same to be forged, counterfeited, and falsely altered, all in violation of Title 18, United States Code, Section 498.

## COUNT 3
### (Fraudulent Use of Military Medals)

17.    The allegations contained in Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein.

18.    Between on or around February 10, 2016 to on or about February 26, 2020, in the State and District of Minnesota and elsewhere, the defendant,

**MIKHAIL ROBIN WICKER,
a/k/a MICHAEL ROBIN WICKER,**

with intent to obtain money, property, and other tangible benefit, did fraudulently hold himself out to be the recipient of Purple Heart, the Prisoner of War Medal, the

U.S. v. Mikhail Robin Wicker

Marine Good Conduct medal, the National Defense Service Medal, the Navy and Marine Corps Overseas Service Ribbon, and the Iraq Campaign Medal, all in violation of Title 18, United States Code, Section 704(b) and (d)(1).

### COUNT 4
(Theft of Government Funds)

19.    The allegations contained in Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated herein.

20.    Between on or around February 10, 2016, through on or about April 23, 2020, in the State and District of Minnesota and elsewhere, the defendant,

**MIKHAIL ROBIN WICKER,**
**a/k/a MICHAEL ROBIN WICKER,**

did, on a continuing basis, knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another, any money and thing of value of the United States and of any department and agency thereof, to wit, the Department of Veterans Affairs, in a total amount greater than $1,000, namely, disability compensation benefits, educational benefits, and health care benefits having a value of approximately $146,287.41, all in violation of Title 18, United States Code, Section 641.

A TRUE BILL

_____    _____
UNITED STATES ATTORNEY                  FOREPERSON

9